## MARY ROSE HUNT *vs.* HORACE HUNT and PHILLIP CHURCH.

A special guardian, appointed to sell the real estate of an infant, gave a bond, conditioned to perform the trust reposed in him, and to pay over, invest and account for, all moneys that should be received by him, according to the order of any court having authority to give directions in the premises, and to observe the orders and directions of the Supreme Court in relation to said trust. Such guardian was, by an order of this court, authorized to sell and convey all the "*right, title* and *interest*" of said infant in and to certain lands which had descended to her from her ancestor subject to a mortgage thereon; and he did sell to H. for the consideration of $5,500, all the right, title and interest of the said infant in and to an undivided one-third part of said lands.

*Held,* 1. That this was a clear sale and conveyance of the equity of redemption of the infant in said lands, and nothing more.

2. That the special guardian was bound to account to the infant for the purchase money, less the sum of $1,300 which he had paid to the widow, for her right of dower in said lands.

3. That having omitted and neglected to account for the balance of the purchase money, and to invest the same according to the terms of the sale and the order of the court affirming the same, this was a clear breach of his duty as special guardian, and a breach of the condition of his bond.

4. That H., the purchaser, took the land subject to the equitable encumbrance, claim or lien of the mortgage thereon, but without any claim upon the infant, or the estate of her ancestor, in respect to such claim or lien. And the special guardian had no right to pay any portion of the proceeds of the sale, upon such mortgage.

5. That it was no excuse for not complying with the condition of his bond, for the special guardian to show that he was administrator of the estate of the infant's father, or that such estate was insolvent, and he had wrongfully taken the funds which came to his hands as special guardian, and had, without the order or allowance of the court, used and misappropriated them as such administrator.

6. That although the court had yet control over the proceedings for the sale of the land, and jurisdiction over the special guardian, as such, and might, upon a proper application and on proper terms, still allow him to fulfill his duty, and make a report of the sale, showing what he had done with the proceeds; yet that while he was practically in contempt for disobeying an order of the court requiring him to make such report, no intendment should be made in his favor

THIS action was brought upon a bond, bearing date April 26, 1849, executed by the defendants and one Frederick Talcott, since deceased, in the penal sum of

$9,700. The condition of the bond recited that the said Horace Hunt, in and by an order of this court, made on the said 26th day of April, had been appointed special guardian for the said obligee, Mary Rose Hunt, an infant, under the age of twenty-one years, for the purpose of making sale of certain real estate belonging to said infant, and mentioned in said order, upon his giving a bond as therein required. And then provides that in case the said Horace Hunt shall faithfully perform the trust reposed in him as such special guardian, and shall duly pay over, invest and account for all moneys that shall be received by him, according to the order of any court having authority to give directions in the premises, and shall observe the orders and directions of the Supreme Court in relation to said trust, then the said obligation to be void.

The complaint alleged that after the giving of said bond, the said Horace Hunt, as such special guardian, executed, acknowledged and delivered to one John Hunt a deed conveying said infant's interest in and to the said real estate referred to in said complaint, and for the sale of which said Hunt was so appointed such special guardian, for the consideration of $5,500, pursuant to the order of said court; and averred that he had failed to account for such moneys, or to invest them as directed by the orders of the court.

The answer did not deny the making of the said bond, or any of the allegations of the complaint, but set up that the land referred to was sold for $4,200; that the nominal consideration was $5,500; and that this included $1,300 for the widow's dower, and set up several other defences.

The case was tried at the Livingston circuit in November, 1872, when, at the close of the trial, a verdict was directed by the court for the plaintiff, for $9,700, and the exceptions ordered to the General Term, to be there heard, in the first instance.

*J. B. Adams*, for the plaintiff.

*Conkling, Lord & Coxe*, for the defendants.

*By the Court*, E. DARWIN SMITH, J. The execution of the bond upon which the action was brought, and the breach alleged in the complaint, being admitted, the plaintiff was *prima facie* entitled to a verdict for the amount of the purchase money of the land sold, deducting the $1,300 paid the widow for her dower interest in said land, not exceeding the penalty of the bond. A computation appears to have been presented at the trial, showing the amount due upon the bond, calculating it, I presume, upon the $5,500 for which the land was sold, and deducting therefrom the $1,300 aforesaid, making the amount upward of $11,000; but the verdict was finally directed for the penalty, $9,700.

The power of this court to order the sale of infants' estates is undoubted, and the defendants' liability in this action depends upon the affirmance of this power in the ordering of the sale of the plaintiff's interest in the land which descended to her from her father, and in directing the conveyance of such land upon the execution of the bond in suit. The recovery at the circuit was based upon the validity of such bond and the non-performance of its conditions by the defendants. It is not that the defendant Hunt is held liable for obeying, but for disobeying, the orders of the court.

The petition presented by the plaintiff's mother, to this court, for the sale of the said plaintiff's land represents that the said infant was seised of an undivided third part of certain lands therein described, comprising parts of two townships in Allegany county, and amounting to about 9,000 acres of land; that on the purchase of such land a loan of $10,000 was made of the Savings Bank of Tolland, Connecticut, for which said bank was, also, by agreement, entitled to have a mortgage on all

of such land, and for which a bond had been given, signed by all the four joint owners of said land, Phineas Talcott, Samuel R. Rose, Phillip Church and Samuel Hunt, the deceased, and father of said plaintiff ; that the interest of said infant, in said land, was worth about $2,000, and that the petitioner was willing to join in a conveyance thereof, and release her dower, on receiving her part of the purchase money ; or upon condition that the same be invested for her benefit.

On presenting this petition to the court, the usual order of reference was made to a referee to ascertain the facts, and upon what terms a sale should be allowed, and the value of the dower right in the same. The referee reported that the said premises were worth $5,000, subject to encumbrances ; and that the same should be sold for cash, subject to the equitable encumbrance thereon, and in such a way, if possible, as to procure a release of said infant from all liability upon the debt created for the purchase of such real estate ; and that the avails of such sale be invested subject to the approval of the court, to be paid said infant upon her majority ; and also that the value of the widow's right of dower in said premises, calculated upon the principle of life annuities, was $1,206.30.

This report was duly confirmed, and the defendant Hunt appointed special guardian for the sale, and authorized to make sale of said premises accordingly, but first to report the terms of such proposed sale to this court, upon oath.

The defendant Hunt accordingly made such report, wherein he stated that he had made a contract for the sale of the said *infant's interest* in said lands to John H. Hunt, for $5,500 ; said Hunt to pay the widow for her right of dower ; to procure a release or discharge of the liability of the said infant and of the estate of the said Sanford Hunt to the Tolland Savings Bank, and to pay or secure the residue of said sum of $5,500, for

the benefit of said infant, and, if said discharge was not obtained, to secure the residue of said $5,500, after deducting the sum payable to the widow, by a mortgage of the lands so contracted to be sold, payable in ten years with interest, or when duly required by said infant. Such report was duly confirmed by the court, and the said guardian authorized to sell and convey *all the right, title and interest* of said infant, to said land, according to the terms of the contract stated in said report.

And the said guardian did afterward, on the 30th of November, 1849, as recited in said deed, for and in consideration of $5,500, to him in hand paid before the ensealing and delivery of the said presents, the receipt whereof is therein and thereby confessed and acknowledged, grant, bargain, sell and convey, sell and release to the said John H. Hunt, " *all the right, title and interest* of the said infant in and to all the certain undivided third part in said lands." This was a clear sale and conveyance of the equity of redemption in said land, and nothing more.

It thus appears very clearly that the said Horace Hunt, the said special guardian, sold and conveyed the interest of said plaintiff in said land for the consideration and price of $5,500. This sum he was bound to account for. He shows, by the receipt of the widow of the deceased, that $1,300 was paid to her, for her right of dower in said lands, December 31, 1849.

His omission and neglect to account for the balance of the purchase money, and to invest the same according to the terms of the sale and the order of the court affirming the same, was a clear breach of his duty as special guardian, and a clear breach of the condition of his bond.

The purchaser of said land, the said William H. Hunt, took the same subject, doubtless, to the equitable encumbrance, claim or lien of the Tolland bank for the

$10,000 mortgage, but without any claim upon the estate of the deceased Sanford H. Hunt, or upon the said infant in respect to such claim or lien. Such mortgage was a lien upon the whole 9,000 acres of land, and if the quantity was just 9,000 acres, two of the obligors on the said bond, Rose and Talcott, were bound to pay $6,000 of the amount, and their one-third of said land was first liable for the amount of $2 per acre applicable to said bond, as they were subsequent purchasers from Hunt and Church, at that price, of one-third of said land. The special guardian had no right to pay any portion of the proceeds of the sale, upon such mortgage.

The rulings at the circuit upon the offers of the defendant's counsel, it seems to me, are entirely correct. The defendant was a special guardian to sell lands, and was sued upon a bond requiring him to pay over, invest and account for, all moneys that he should receive according to the order of the court. It was no compliance with the condition of his bond to show that he was administrator of the estate of his deceased brother, or that his brother's estate was insolvent, and he had wrongfully taken the funds which came to his hands as special guardian, and without the order or allowance of the court, had used and misappropriated them as such administrator.

I do not see in any of the offers or propositions made by this defendant's counsel any defence to this bond. I do not see that any other course was left for the judge at the circuit except to order a verdict for the plaintiff. It appears that the defendant, as charged in the complaint and not denied, had been required by a special order of the court, made on or about the 28th of October, 1870, duly served upon him, to make and file a report of the said sale and of the disposition and situation of the proceeds thereof, and that he had failed and neglected to make and file such report.

This court has doubtless yet control over said proceed-

ings, and jurisdiction over the defendant as such special guardian; and if the said verdict does him any injustice, it might, upon a proper application and upon proper terms, still allow him to fulfill his duty as such guardian and make a report of said sale and what he has done with the proceeds thereof; but while he is practically in contempt for a disobedience of its orders in this respect, certainly no intendment should be made in his favor.

The judgment should be affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, June 3, 1873. *Mullin, Talcott* and *E. D. Smith*, Justices.]